[Civ. No. 11418. Second Appellate District, Division Two.—June 23, 1937.]

L. A. BONES, Respondent, v. S. E. FUSCO et al., Appellants.

G. V. Weikert, Joe Crider, Jr., and A. F. Mack, Jr., for Appellants.

Edward A. Stuart for Respondent.

CRAIL, P. J.—The plaintiff is a grower of pears in the Antelope Valley. He consigned his pears to the defendant Fusco, as factor, under a printed form of contract which contained the following clause: ''The Agent agrees to haul, pick and pack said crop of Bartletts and to sell the same to the best of their ability and judgment and at all times endeavor to obtain the best possible price for the Grower's

fruit." The pears were placed in cold storage. While the pears were in good condition, the plaintiff ordered his factor to sell. This the factor, relying upon the clause of his contract which is set forth above, refused to do, or at least wilfully neglected to do until the fruit had become spoiled. The trial court gave judgment to the plaintiff for the difference between what he actually received for his fruit and what he would have received for it if his instructions had been complied with, plus certain overcharges for storage. The appeal is from this judgment.

Defendant's first contention is that he was under no legal obligation to obey the instructions of his principal for the reason that the provision of the contract, above quoted, was a waiver of such obligation. Section 2027 of the Civil Code provides as follows: "A factor must obey the instructions of his principal to the same extent as any other employee, notwithstanding any advances he may have made to his principal upon the property consigned to him, . . . " In our view the section of the contract upon which the defendant relies is in no sense a waiver of plaintiff's rights under section 2027. They are not inconsistent. The provision was placed in the contract for the benefit of the plaintiff and not the defendant. After all, the pears belonged to plaintiff. He bound the defendant by the provision to sell the pears to the best of his ability, etc. But there is nothing therein to indicate that the plaintiff was waiving any of his rights. In spite of said provision he still had the right to direct his factor to sell the pears. (*Rhee* v. *L. K. Small Co.*, 83 Cal. App. 339 [256 Pac. 839].)

The defendant next contends that he did not refuse to follow such instructions as were received by him. This contention involves a question of fact which the trial court found against the defendant. It is not claimed on appeal that there is not any substantial evidence to sustain the court's finding, and since this contention is not made, this court will not search the record. The same answer must be given to the defendant's third contention, which is, "The growers not only were not damaged by the manner in which Fusco sold their fruit, but they actually benefited thereby."

The defendant next contends that, "The damages, if any, are purely speculative, and the amount thereof cannot be ascertained, and they are, therefore, not recoverable." The trial court had no difficulty under the evidence in ar-

riving at the damages, aside from the tedious computations involved.

■ The final contention of the defendant is that the court erred in refusing to receive into evidence the "Opinion, Findings and Order" of the Director of Agriculture of the State of California, which were entered in a former hearing between the same parties. He relies upon the following portion of section 1267 of the Agricultural Code, "Copies of records, inspection certificates, certified reports, findings and all papers on file in the office of the director shall be *prima facie* evidence of the matters therein contained." These so-called findings cover eight pages in the printed brief and are largely a speech on the thesis that the defendant did what he did in good faith and that he "was in duty bound to handle the fruit of all growers impartially without giving preference to any individual grower by disposing of his crop to the disadvantage of others". This may be the Golden Rule, but it is not the law of California. There is no finding in the findings of the Director of Agriculture on the real issue in the present action, that is, whether the defendant was guilty of neglect in violating the instructions of his principal. We are of the view that under all the circumstances there was no prejudicial error in the court's ruling.

The defendant devotes the first forty pages of his brief to a general statement of the case, stating the evidence, not in the light most favorable to the plaintiff, but in the light most favorable to him, presenting his facts in an argumentative manner and as if they were true regardless of the findings of the trial court, omitting from such statement circumstances detrimental to the defendant and circumstances favorable to the plaintiff, presenting facts and circumstances which are favorable to him which are not in evidence, but which the court had refused to admit. He could not have taken greater license if he were making an argument to the jury after the evidence was closed. This is not good practice on appeal. While we were obliged to read the statement once, we were not obliged to read it a second time.

■ The Fidelity and Deposit Company of Maryland also appeals from the judgment entered against that company upon a bond it had posted to protect the plaintiff against the wilful neglect of the defendant. But the company's argument on this contention is merely a marshaling of the evi-

dence which is favorable to it to convince the court that defendant Fusco was not guilty of bad faith and that he did the best he could under the circumstances. These were questions of fact for the fact finder. There is no claim that Fusco's failure to comply with the instructions of his principal was the result of inadvertence. The factor's relation to his principal is one of a fiduciary character and carries with it the elements of a trust, requiring the factor to scrupulously fulfill the instructions of his principal. (*National Bank of New Zealand* v. *Finn*, 81 Cal. App. 317 [253 Pac. 757].) There is substantial evidence that the defendant Fusco consciously chose to violate the instructions of his principal—a wilful neglect of duty. There is substantial evidence, therefore, to sustain the trial court's finding of wilful negligence, and it is not within the province of this court to weigh the conflicting evidence which the company brings forward to the contrary.

The judgments are affirmed.

McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 20, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1937.