[Civ. No. 25962.   Second Dist., Div. One.   Aug. 13, 1962.]

EVELYN WEINSTOCK, Plaintiff and Appellant, v. JULIAN WEINSTOCK, Defendant and Respondent.

Harvey Fierstein for Plaintiff and Appellant.

Charles J. Katz and Louis C. Hoyt for Defendant and Respondent.

FOURT, J.—This is an appeal from an order denying an application pendente lite for attorney's fees, court costs, support and maintenance and other matters.

In a prior action, which will hereinafter be referred to as the divorce action (L. A. County No. WED 223), the plaintiff here (hereinafter referred to as the wife) secured an interlocutory decree of divorce on January 18, 1961, and during the course of this appeal the husband filed the application for the final decree of divorce and such final decree of divorce was granted on January 22, 1962.

In the interlocutory decree of divorce the judge at the request of the wife approved and in large part incorporated in the decree the property settlement agreement which had been entered into by and between the parties and which further had the written approval of respective counsel. The form of the interlocutory decree which was prepared by the wife's then attorney was approved as to substance and form by the attorneys for both parties before it was signed by the judge on January 18, 1961.

In the first instance (on February 29, 1960—No. WED 223) the wife filed a complaint for separate maintenance. In this complaint and related documents she set forth at considerable length the financial status of the husband. In an order to show cause proceeding in that matter the wife was awarded certain benefits and her then attorneys were allowed $400 for costs and $1,600 attorneys' fees. That complaint was answered. A cross-complaint in divorce was filed by the husband on April 4, 1960, which cross-complaint was duly answered. The husband on May 4, 1960, filed a memorandum to set the action for trial.

On July 18, 1960, the wife substituted another attorney in the place of the firm of attorneys who had filed the action for her in the first instance. The new lawyer, on August 15, 1960, filed an order to show cause for added attorney's fees, accounting fees and costs. In the wife's questionnaire in that matter she set forth, among other things, that the husband had assets of over a million dollars, that an accounting which he had submitted was not proper or accurate, that she needed an accountant and an appraisal of the real properties involved. She sought $2,500 costs and further attorney's fees. At the hearing on such order new counsel was allowed $750 for

attorney's fees for the time being, the balance to be fixed at the time of trial; the real property was ordered appraised by a competent person satisfactory to both parties.

On October 20, 1960, it appears that there was a complete hearing on a further order to show cause proceeding. In that hearing the husband's certified public accountant testified and certain stipulations were entered into.

On December 15, 1960, a property settlement agreement was entered into and signed by the parties and respective counsel.

The wife sought to have the divorce matter heard, and pursuant to stipulation it was heard on December 16, 1960. It was agreed and understood by and between the parties that the wife should seek a divorce and not separate support and maintenance. She caused to be introduced into evidence in that proceeding the property settlement agreement made and entered into between her and the husband. The minute entry of the clerk recites in effect that a decree of divorce was granted the wife, wherein she got the custody of the two children and the husband was ordered to pay $400 per month for their support and maintenance. The wife's attorney was allowed a balance of $2,500 attorney's fees.

On April 17, 1961, the present action (Superior Court No. D 589,860), which will hereinafter be referred to as the equity action, was filed by her present counsel (not either of the attorneys who filed the previous proceedings) wherein the wife, among other things, sought to rescind the property settlement agreement, set aside the interlocutory decree of divorce, for an accounting, for alimony and added support. This complaint is unverified.

On April 19, 1961, the wife gave notice that she was substituting her present counsel for the attorney who had represented her in the divorce matter.

On June 7, 1961, the husband secured an order to show cause directing the wife to appear and explain why she had disobeyed the terms of the divorce decree in that she continually attempted to and did interfere in the business of the husband and that in the equity action she had filed a lis pendens which prevented him from doing anything in his real estate development business.

On July 11, 1961, in the divorce action the wife noticed a motion for additional attorney's fees to and for her present counsel, who was substituted into the matter on or about April 18, 1961.

On July 13, 1961, the wife in the divorce action noticed a

motion to set aside the divorce judgment. This apparently was heard by the judge who heard the original matter and on July 17, 1961, was promptly denied.

In the equity action the wife secured an order to show cause with reference to temporary alimony, increased child support and attorney's fees and costs pendente lite. The court held a full and complete hearing on the matter and upon due consideration denied the wife's requests. The appeal is from such order.

Both sides seemingly agree that for the wife to prevail in such a matter she must sustain the burden of showing her (1) financial needs, (2) her inability to pay the same, (3) the ability of the husband to pay the same, and (4) the good faith of her defense or prosecution.

The court held in effect that the wife failed to sustain the burden of the proof. Our problem is to determine whether there is any substantial evidence in the record to support such a determination. ▇▇▇ Counsel for the appellant wife has been of little if any assistance to this court in that he has failed to comply with rule 13, California Rules of Court.* In other words, he has set forth his and only his version of some of the record but has made no mention of the evidence upon which the court undoubtedly relied. This is not good practice and adds materially to the burdens of this court. (See *Schultz* v. *Steinberg,* 182 Cal.App.2d 134, 137 [5 Cal.Rptr. 890] ; *Estate of Palmer,* 145 Cal.App.2d 428, 430 [302 P.2d 629] ; *Bones* v. *Fusco,* 21 Cal.App.2d 476, 479 [69 P.2d 911] ; *Goldring* v. *Goldring,* 94 Cal.App.2d 643, 645 [211 P.2d 342].)

Appellant testified in the case that she had "no idea at all" how much money she had in certain bank accounts. The respondent testified that he was without funds to pay the added demands of appellant. A certified public accountant who had checked respondent's books and records testified to the facts contained in the records which sustained respondent's view to the effect that he could not support any added burden by way of attorneys' fees, support and maintenance, costs, etc. He further testified to the fact that there had been before the property settlement agreement was signed in full, complete and fair disclosure of respondent's financial condition to appellant and her then attorney. Furthermore he testified that her attorney at the time of the negotiations for the agreement had inspected and examined the books and records of respondent.

---

*Formerly Rules on Appeal, rule 13.

The evidence in part further showed that respondent at the time of the hearing had no income of any kind, that he had to borrow money on his real estate business and make sales of some of his remaining properties to meet his obligations— that the sum of his fixed obligations and those of his affiliated corporations exceeded his total income from all sources by more than $15,000 per month. It was clear that the wife and her attorneys, before the execution of the property settlement agreement, subpoenaed and examined the financial statements of the husband. At no time did the husband's certified public accountant conceal any books or records of any kind or decline to give any information which either of the wife's attorneys requested. The wife also had the benefit of expert appraisals made pursuant to a court order and the reports of independent investigations of the husband's financial affairs.

The facts of this case as related in this particular hearing are in nowise similar to the facts in *Vai* v. *Bank of America,* 56 Cal.2d 329 [15 Cal.Rptr. 71, 364 P.2d 247].

The trial judge in this case gave the wife every opportunity to present her contentions. The husband testified and as heretofore indicated his certified public accountant testified.

Appellant seems to argue in part that the trial court felt that it had no jurisdiction to make an order as requested by her. The trial judge did have jurisdiction and the court did exercise that jurisdiction in the making of the order.

The original divorce file was introduced into evidence in the equity case and of course the trial judge took into consideration what had occurred in the prior case. This was proper under the circumstances. (*Kellett* v. *Kellett,* 2 Cal.2d 45, 49 [39 P.2d 203].)

The trial judge did not abuse his discretion. (See *Loeb* v. *Loeb,* 84 Cal.App.2d 141, 144 [190 P.2d 246]; *Kellett* v. *Kellett,* 2 Cal.2d 45, 49-50 [39 P.2d 203]; *Forrest* v. *Forrest,* 125 Cal.App.2d 674, 677 [271 P.2d 70].)

It is readily apparent that the judge believed the husband and his witnesses. This was within his province. Without relating more, suffice it to say that there is substantial evidence to support the order made by the trial judge. Such being the case this court is duty bound to affirm the order of that court.

The order is affirmed.

Wood, P. J., and Lillie, J., concurred.