[No. B174252. Second Dist., Div. Five. July 29, 2005.]

FIRST FEDERAL BANK OF CALIFORNIA, Plaintiff and Respondent, v. PAUL F. FEGEN, Defendant and Appellant.

## COUNSEL

Paul F. Fegen, in pro. per., for Defendant and Appellant.

Epport, Richman & Robbins, Steven N. Richman and Sharon M. Hotchkiss for Plaintiff and Respondent.

**OPINION**

**ARMSTRONG, J.**—Appellant Paul F. Fegen appeals the trial court's order for sale of dwelling, pursuant to which respondent First Federal Bank of California (First Federal) enforced a judgment against him. Because the sale has been conducted and Fegen's residence (the Property), which was the subject of the order, has been sold, First Federal maintains that this appeal is moot. We agree, and dismiss the appeal.

The pertinent facts[1] are not in dispute: First Federal obtained a money judgment against Fegen on October 12, 1995. In 1997, First Federal perfected a lien on all real property owned by Fegen in Los Angeles County by recording its final judgment and an abstract of judgment in the Los Angeles County Recorder's Office. The Clerk of the Los Angeles County Superior Court issued a writ of execution against Fegen in 2003, pursuant to which all of Fegen's interest in the Property was levied upon by the Los Angeles County Sheriff. On October 31, 2003, First Federal filed an Application for order for sale of dwelling. A hearing was held on March 16, 2004, after which the application was granted and the order issued.

Fegen timely filed a notice of appeal, stating that he "hereby appeals the court order on March 16, 2004 in Department 1A granting Plaintiff's Application for Order for Sale of Dwelling." However, there is no automatic stay for this type of appeal. Rather, Code of Civil Procedure section 917.4 provides that perfecting an appeal of a judgment or order which directs the sale of real property "shall not stay enforcement of the judgment or order . . . unless an undertaking in a sum fixed by the trial court is given . . . ." Fegen did not post an undertaking. After several unsuccessful ex parte applications in which Fegen attempted to postpone the sale or to force First Federal to sell its judgment to Fegen's designee, the sale was conducted on September 15, 2004, by the Los Angeles County Sheriff. First Federal was the successful bidder and purchased the Property on that date.

Code of Civil Procedure section 701.680 provides in part:

"(a) Except as provided in paragraph (1) of subdivision (c), a sale of property pursuant to this article is absolute and may not be set aside for any reason.

"(b) . . . .

"(c) If the sale was improper because of irregularities in the proceedings, because the property sold was not subject to execution, or for any other reason:

---

[1] We grant the parties' respective requests that we augment the record on appeal and that we take judicial notice of the sheriff's deed of sale.

"(1) The judgment debtor, or the judgment debtor's successor in interest, may commence an action within 90 days after the date of sale to set aside the sale if the purchaser at the sale is the judgment creditor. . . ."

Because Fegen did not post an undertaking, the Property was sold pursuant to the trial court's order. Consequently, this court cannot fashion any order which would have the effect of reversing the trial court's order of sale or otherwise preventing the sale of the Property, an event which has already occurred. Moreover, because Fegen did not file an action within 90 days after the sale of the Property to challenge any purported irregularities in the proceedings, the sale is "absolute and may not be set aside for any reason." (Code Civ. Proc., § 701.680, subd. (a).) In short, the sale of the Property has rendered this appeal moot.

■ Fegen argues in his opposition to the motion to dismiss that the appeal is not moot because First Federal was the successful bidder at the sale. However, Code of Civil Procedure section 701.680 anticipates that the judgment creditor will be the successful bidder, and provides a remedy to a judgment debtor who seeks to challenge the sale on the grounds outlined by Fegen in his appellate briefs. Contrary to Fegen's argument, the statute does not authorize this court to order that the Property be deeded back to Fegen.

■ In sum, because we cannot order the relief which Fegen seeks, this appeal is moot.

## DISPOSITION

The appeal is dismissed. Fegen to bear the costs on appeal.

Turner, P. J., and Mosk, J., concurred.