Filed 4/30/13  Alliance Laundry Systems v. Parker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| ALLIANCE LAUNDRY SYSTEMS LLC, | |
| Plaintiff and Respondent, | C071111 |
| v. | (Super. Ct. No. 10CV7026) |
| JAMES UNDERHILL PARKER, | |
| Defendant and Appellant. | |

Appellant James Underhill Parker appeals from the trial court's judgment of foreclosure and order of sale, pursuant to which respondent Alliance Laundry Systems, LLC (Alliance) foreclosed upon a piece of property located in Kirkwood (the Kirkwood property).  Alliance contends this appeal has become moot because the ordered sale has been conducted and the property has been sold.  We agree and dismiss the appeal.

FACTS

Alliance manufactures and sells commercial laundry equipment.  The company also provides financing for the purchase of such equipment.  One of Parker's companies, Centre Development LLC (Centre), operated four commercial laundries in Southern

1

California. Parker was also the trustee of the James Underhill Parker Trust (the Parker Trust).

From 1999 to 2008, Alliance loaned Centre several million dollars. Each loan was personally guaranteed by Parker. In April 2008, Alliance loaned Centre $445,000. This loan was personally guaranteed by Parker and the Parker Trust. The guaranty provided that the loan was to be secured by a "Short Form Deed of Trust made by [the Parker Trust] and [Parker] (as Trustors) to Stewart Title Company (as Trustee), encumbering the [Kirkwood property] as legally described in the Deed of Trust." The same month, Parker and the Parker Trust executed and delivered to Alliance the promised deed of trust, which was recorded in the records of Amador County in May 2008.

Thereafter, from June to October 2008, Centre executed and delivered to Alliance four additional promissory notes, which refinanced Centre's existing loans and provided the company with additional capital. Centre defaulted on these loans in August 2009. The total balance due under the promissory notes was about $4.2 million. After Alliance conducted a sale of certain personal property collateral that had been pledged by Centre to secure the four promissory notes, there remained a deficiency of about $1.9 million.

In September 2009, Parker filed for Chapter 7 bankruptcy. On schedule A of his petition, Parker stated under penalty of perjury that his "real property" assets included the Kirkwood property, his interest in the property was "Fee simple," and the amount of Alliance's secured claim was $1.9 million. On his schedule D, Parker stated the value of the Kirkwood property was $250,000 and again listed the amount of Alliance's claim as $1.9 million. Parker further stated the Kirkwood property was encumbered by both the deed of trust in favor of Alliance and a "Second Mortgage" in favor of San Diego Private Bank. Parker did not identify Alliance's secured claim as being contingent, unliquidated, or disputed. At the first meeting of creditors in the bankruptcy case, held in November 2009, Parker acknowledged to the Chapter 7 trustee that Alliance had a deficiency claim of about $1.9 million against Parker and the Parker Trust. The trustee filed a report of

abandonment of real property in May 2010, listing the Kirkwood property as being real property that was to be abandoned by the estate, with a value of $250,000 and total debt of $1.9 million. In July 2010, Alliance filed a motion for relief from stay in order to enforce its rights under the deed of trust. The bankruptcy court granted the motion in August 2010.

In November 2010, Alliance brought an action in the superior court seeking to foreclose on the Kirkwood property. In September 2011, Alliance moved for summary judgment. The trial court granted the motion and entered a judgment of foreclosure and order of sale in April 2012. Parker filed a timely notice of appeal. "However, there is no automatic stay for this type of appeal. Rather, Code of Civil Procedure section 917.4 provides that perfecting an appeal of a judgment or order which directs the sale of real property 'shall not stay enforcement of the judgment or order . . . unless an undertaking in a sum fixed by the trial court is given . . . .' " (*First Federal Bank of California v. Fegen* (2005) 131 Cal.App.4th 798, 800 (*Fegen*).)[1] The trial court set the amount of the undertaking at $100,000, which sum Parker declined to post. Instead, in November 2012, Parker filed a petition for writ of supersedeas with this court seeking an immediate stay of the ordered sale. We denied the petition in December 2012. Thereafter, in January 2013, the Kirkwood property was levied upon by the Amador County Sheriff and sold to Alliance for the sum of $200,000.[2] As mentioned, Alliance contends the sale of the Kirkwood property has rendered this appeal moot. We agree.

### DISCUSSION

"A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] 'When no effective

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] We grant Alliance's request for judicial notice of the sheriff's deed of sale. (*Fegen, supra,* 131 Cal.App.4th at p. 800, fn. 1.)

3

relief can be granted, an appeal is moot and will be dismissed.' [Citations.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214; *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 78.)

In *Fegen*, *supra*, 131 Cal.App.4th 798, an appeal from an order directing sale of real property, the Court of Appeal held that the intervening sale of the property rendered the appeal moot because the judgment debtor neither posted an undertaking staying enforcement of the order pursuant to section 917.4, nor filed a timely action challenging any purported irregularities in the sale. (*Id*. at pp. 800-801.) The court explained: "[S]ection 701.680 provides in part: [¶] (a) Except as provided in paragraph (1) of subdivision (c), a sale of property pursuant to this article is absolute and may not be set aside for any reason. [¶] (b) . . . . [¶] (c) If the sale was improper because of irregularities in the proceedings, because the property sold was not subject to execution, or for any other reason: [¶] (1) The judgment debtor, or the judgment debtor's successor in interest, may commence an action within 90 days after the date of sale to set aside the sale if the purchaser at the sale is the judgment creditor. . . .' [¶] Because Fegen did not post an undertaking, the Property was sold pursuant to the trial court's order. Consequently, this court cannot fashion any order which would have the effect of reversing the trial court's order of sale or otherwise preventing the sale of the Property, an event which has already occurred. Moreover, because Fegen did not file an action within 90 days after the sale of the Property to challenge any purported irregularities in the proceedings, the sale is 'absolute and may not be set aside for any reason.' [Citation.] In short, the sale of the Property has rendered this appeal moot." (*Ibid*.)

Similarly, here, Parker neither posted an undertaking staying enforcement of the order pursuant to section 917.4, nor filed a timely action challenging any purported irregularities in the sale. Accordingly, the sale is "absolute and may not be set aside for any reason." (§ 701.680, subd. (a).) Because issuing a decision on the merits of Parker's

4

appeal will have no practical impact and will provide no effective relief, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed. Alliance Laundry Systems, LLC shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (a)(5).)


                HOCH   , J.


We concur:


    HULL    , Acting P. J.


    BUTZ    , J.