Filed 11/23/20  Marriage of Badea-Mic and Detres CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of MIHAELA C. BADEA-MIC and AUGUSTIN D. DETRES. | C085459 |
| MIHAELA C. BADEA-MIC, | (Super. Ct. No. 12FL04959) |
| Appellant, | |
| v. | |
| AUGUSTIN D. DETRES, | |
| Respondent. | |

In this appeal, appellant Mihaela C. Badea-Mic (Badea-Mic) challenges an order of the family law court giving respondent, her ex-husband Augustin D. Detres (Detres), authority to sell the marital home.  Badea-Mic does not dispute that the court had

1

discretion to authorize the sale, but contends she was denied due process when the court failed to hold a hearing to allow her to contest the agreed price and other terms of sale. Detres argues that the intervening sale of the home to a third party renders this appeal moot. We agree, and therefore dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Badea-Mic and Detres were married for approximately a year and a half when they separated. While married, they purchased a home in Fair Oaks, California (the Property), which was secured by a mortgage (deed of trust) in Detres's name alone.

In December 2011, Badea-Mic and Detres separated. In July 2012, just before filing for divorce, Detres executed a quitclaim deed transferring his interest in the Property to Badea-Mic.

In August 2012, Badea-Mic and Detres filed a "Joint Petition for Summary Dissolution" of their marriage under Family Code section 2400 et seq.[1] Section 2400 establishes a simple procedure for a couple to obtain a divorce, but the procedure is only available to couples who meet certain conditions, one of which is that neither party has any interest in real property. (§ 2400, subd. (a)(5).) When Badea-Mic and Detres filed their joint petition, they both stated under oath that they did not own any real property and had no community assets or liabilities. Based on their petition, the family court entered a judgment of dissolution on March 25, 2013.

Section 2556 provides that a party to a dissolution proceeding may file a postjudgment motion to obtain adjudication of any community asset or liability omitted or not adjudicated by the judgment in the proceeding.[2] (§ 2556; see also *In re Marriage*

---

[1] Undesignated statutory references are to the Family Code.

[2] Section 2556 imposes no time limit, and it applies even if the former spouses were aware of the community property at the time the dissolution judgment was entered. (*In re*

2

*of Huntley, supra*, 10 Cal.App.5th at p. 1059 [a dissolution judgment does not affect the disposition of community property as to which the judgment is silent]; *In re Marriage of Brown* (1976) 15 Cal.3d 838, 850-851 [same].) In October 2015, Detres filed a motion under section 2556 to adjudicate the Property as an omitted community property asset. Detres declared that before filing for divorce, the parties had an oral agreement that Badea-Mic would refinance the Property in her name and assume responsibility for the mortgage payments. Because Badea-Mic never refinanced the Property and fell behind on the payments, Detres declared that he was compelled to make the payments to protect his credit rating. Detres sought a court order compelling Badea-Mic to refinance the Property and reimburse him for his payments. If she failed to do so, Detres requested the court order that the Property be sold.

In November 2015, the parties entered into a stipulation which was adopted as a court order. Under the stipulated order, the parties agreed that Badea-Mic would refinance the Property and be responsible for all mortgage payments. If Badea-Mic failed to refinance the Property within six months, or fell more than 30 days behind in mortgage payments, Detres could sell the Property and the parties would divide the proceeds upon sale. Badea-Mic also agreed to pay Detres $7,488.18 in installments of $500 per month to reimburse him for his mortgage payments.

Five months later, in April 2016, Detres filed a motion to enforce the November 2015 stipulated order. Detres alleged that Badea-Mic made only one $500 payment, had not refinanced the Property, and had not made any mortgage payments. Detres sought an order compelling Badea-Mic to cooperate in selling the Property. Badea-Mic opposed the motion. The court granted Detres's motion, ordering Badea-Mic to cooperate in listing the Property for sale and to pay Detres $7,488.18, plus interest.

---

*Marriage of Huntley* (2017) 10 Cal.App.5th 1053, 1060; *Huddleson v. Huddleson* (1986) 187 Cal.App.3d 1564, 1569.)

Detres then moved for an order authorizing him to sell the Property without Badea-Mic's approval by using the county clerk as an elisor to sign any necessary papers. Detres's motion culminated in another stipulation, which was adopted as a court order on January 30, 2017.[3] Under the January 2017 stipulated order, the parties agreed that (1) Badea-Mic would make timely mortgage payments; (2) Badea-Mic would refinance the Property within six months; and (3) Badea-Mic would pay Detres $15,008.74 as reimbursement for past mortgage payments. The parties agreed, and the court ordered, that Badea-Mic's failure to comply with these requirements would result in the immediate sale of the Property.

On June 9, 2017, Detres filed a motion to enforce the January 2017 stipulated order. The motion was based on Badea-Mic's failure to provide required financial documents or to take any steps to refinance the Property. If Badea-Mic did not refinance the Property by June 30, or put the Property up for sale by July 11, Detres asked the court to authorize him to hire a realtor and sell the Property using an elisor to sign the necessary papers.

Detres's motion was heard on July 17, 2017. Although Badea-Mic's attorney was present for the hearing, Badea-Mic did not file written opposition to the motion. At the conclusion of the hearing, the court granted the motion. Badea-Mic subsequently moved for reconsideration on the ground that she was unable to defend against the motion due to her poor health. She included a declaration from a realtor, estimating the market value of the Property to be $279,000.

Detres opposed the motion for reconsideration, arguing that it did not raise any new or different facts, circumstances, or law. Detres included with his opposition a rebuttal declaration from his realtor, who concluded that the $279,000 appraisal from

---

[3]     Badea-Mic's attorney prepared and filed the stipulation.

4

Badea-Mic's realtor was too high. Detres's realtor declared that it was necessary to discount the Property due to Badea-Mic's refusal to cooperate in the sale. Detres's realtor declared that after initially listing the Property for $249,999, and then reducing the listing price to $224,999, the best offer received for the Property was $194,308.98.

The court denied Badea-Mic's motion for reconsideration on August 28, 2017. The same day, Badea-Mic filed a notice of appeal. On August 31, 2017, Badea-Mic filed a motion seeking to stay the court's July 17, 2017 order. The trial court denied the stay request on September 1, 2017.

On or about September 5, 2017, escrow closed on the sale of the Property. On September 7, 2017, a grant deed was recorded transferring title of the Property to the new owners.[4]

On October 3, 2017, Badea-Mic filed a petition for a writ of supersedeas, which we denied.

## DISCUSSION

In this appeal, Badea-Mic purports to challenge the trial court's July 17, 2017 order authorizing Detres to sell the Property. Her sole contention is that she was denied due process because there was no hearing to approve the sale at which she could challenge the sale price and other terms of sale. Badea-Mic contends that had she been given a chance to contest the sales price, she could have convinced the court that the price received was too low. Badea-Mic seeks to reverse the trial court's order authorizing sale of the Property.

Detres argues the appeal must be dismissed as moot because the Property has been sold and, consequently, it is now impossible for this court to grant Badea-Mic the relief she seeks. We agree.

---

[4]    We grant Detres's November 8, 2019 request for judicial notice of the recorded grant deed.

" ' " '[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " (*Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 848-849.) If, because of subsequent events, an appellate decision can have no practical impact or provide any effectual relief, the appeal should be dismissed as moot. (*Id*. at p. 848.)

In this case, the trial court issued an order authorizing Detres to use an elisor to effectuate a sale of the Property. Badea-Mic filed an appeal, but she never posted an undertaking (Code Civ. Proc., § 917.4) or otherwise obtained a stay pending appeal. As a consequence, during the pendency of the appeal, the Property was sold to a third party bona fide purchaser. We conclude that the intervening sale of the Property renders this appeal moot. Our decision on the propriety of the court's order can have no practical effect because it will not reverse the sale.[5] (*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 682-683, 685 [receiver's sale of property rendered appeal moot]; *First Federal Bank of California v. Fegen* (2005) 131 Cal.App.4th 798, 800-801 [creditor's sale of property under enforcement of judgments law rendered appeal moot].) Accordingly, we shall dismiss the appeal.

---

[5] Badea-Mic has not cited any authority that would allow us to invalidate the sale. And she appears to concede it cannot be reversed. Nevertheless, she argues the appeal is not moot because she may collect damages from Detres by proving the Property should have sold for more than it did. However, as she has not cited any authority to support her contention, we deem this argument forfeited. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943.)

DISPOSITION

The appeal is dismissed.  Respondent is awarded his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

      KRAUSE      , J.

We concur:

      RAYE      , P. J.

      BLEASE      , J.