[No. B227962. Second Dist., Div. Two. Feb. 29, 2012.]

THOMAS MUNDY, Plaintiff, Cross-defendant and Appellant, v. LAURA D. LENC, Defendant, Cross-complainant and Respondent; MORSE MEHRBAN, Cross-defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Under California Rules of Court, rules 8.1100 and 8.1110, only the introduction paragraph, Facts, parts I., II., and III. of the Discussion, and the Disposition are certified for publication.

**COUNSEL**

Law Offices of Morse Mehrban, Morse Mehrban and Julie Mehrban for Plaintiff, Cross-defendant and Appellant and for Cross-defendant and Appellant.

Law Office of Braun & Charness, Dennis E. Braun and Leigh E. Charness for Defendant, Cross-complainant and Respondent.

**OPINION**

**ASHMANN-GERST, J.**—Thomas Mundy (Mundy) and Attorney Morse Mehrban (Mehrban) appeal from the denial of Mundy's special motion to strike pursuant to Code of Civil Procedure section 425.16[1] and from the award of attorney fees to respondent Laura D. Lenc (Lenc). In the published portion of this opinion, we affirm the order denying the special motion to strike as it pertains to Lenc's cause of action for breach of the parties' settlement agreement. We hold that when a disabled person sues a business owner due to an accessibility violation of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) and the California Disabled Persons Act (Civ. Code, § 54 et seq.) and then settles and releases all known and unknown claims and waives the protection of Civil Code section 1542, the disabled person is contractually barred from suing the business owner in a second lawsuit regarding any violation that previously existed and could have been enjoined in the first lawsuit pursuant to Civil Code section 55. In the unpublished portion of this opinion, we reverse the order as to Lenc's fraud causes of action and her cause of action for abuse of process because Mundy is protected by the litigation privilege. Further, we reverse the award of attorney fees.

## FACTS

Mundy is confined to a wheelchair. In June 2009, Mundy went to a bar owned by Lenc and could not use the toilet because it was not equipped with two adjacent grab bars. Also, Mundy was unable to use the restroom mirror because it was mounted too high above the floor. Represented by Mehrban, Mundy sued Lenc for violating Civil Code sections 51, 54 and 54.1 because

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

the toilet and mirror did not comply with the design accessibility standards set forth in the Americans with Disabilities Act of 1990 (ADA; 42 U.S.C. § 12101 et seq.). The parties entered into a settlement in which Mehrban received $3,000, Mundy received $2,500 and Lenc received a general release of known and unknown claims. Specifically, the settlement stated: "[Mundy] hereby release[s] and forever discharge[s] [Lenc] from any and all claims and causes of action that were or could have been asserted in the Lawsuit, including those for personal, emotional, physical, or mental injuries and damages. [Mundy] . . . understand[s] . . . that there is a risk that, subsequent to the execution of this Agreement, [he] may discover, or incur, or suffer damages or liability from claims which were unknown or unanticipated at the time this Agreement was executed, including, without limitation, unknown or unanticipated claims which, if known by [Mundy] on the date . . . this Agreement is being executed, may have materially affected [his] decision to execute this Agreement. Nevertheless, it is the intention of [Mundy] to fully, finally and forever settle and release the matters related hereto notwithstanding the discovery or existence of any additional or different claims or facts relative thereof. [Mundy] [is] assuming the risk of such unknown or unanticipated claims and expressly waive[s] the benefit of the provisions of Civil Code section 1542."

Mundy filed a dismissal on December 8, 2009.

A year later, Mundy sued Lenc under Civil Code section 51 and once again alleged noncompliance with the ADA. This time, he claimed that Lenc's bar did not provide him with a van-accessible handicap parking space. Soon after, Lenc filed a cross-complaint against Mundy and Mehrban for breach of the settlement agreement, false promise, intentional misrepresentation, negligent misrepresentation and abuse of process. Mundy responded by filing a special motion to strike. The trial court denied the motion and ordered the parties to submit briefs regarding Lenc's entitlement to attorney fees as the prevailing party. Subsequently, pursuant to a separately filed motion, Lenc was awarded $21,506.25 in attorney fees against Mundy and Mehrban. The trial court found that Mundy's motion was frivolous. At both hearings, Mundy's attorney submitted on the tentative rulings.

This appeal followed.

## DISCUSSION

Mundy and Mehrban argue that the trial court's orders must be reversed because (1) the claims in Lenc's cross-complaint arose from acts in furtherance

of Mundy's right of petition and Lenc failed to demonstrate a probability of prevailing on her causes of action and (2) Mundy's special motion to strike was neither frivolous nor brought in bad faith and, as a consequence, there was no basis for an award of attorney fees. We discuss the issues below.

## I. *Preliminary Matter: Mundy Did Not Forfeit His Appeal.*

According to Lenc, Mundy is barred from challenging the trial court's orders because he submitted on the tentative rulings. Lenc relies on the doctrines of invited error and waiver. Her reliance is misplaced.

■ If a party induces the commission of an error, "he is estopped from asserting it as grounds for reversal. [Citations.]" (*Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 166 [143 Cal.Rptr. 633] (*Redevelopment Agency*).) "At bottom, the doctrine rests on the purpose of [a] principle, which is to prevent a party from misleading the trial court and then profiting therefrom in the appellate court. [Citations.]" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403 [87 Cal.Rptr.2d 453, 981 P.2d 79].) The problem for Lenc is that even though Mundy submitted on the tentative rulings, he filed a motion seeking relief under section 425.16. Also, he filed an opposition to Lenc's request for attorney fees. His position below was that he should prevail on all issues before the trial court. He did not mislead the trial court. ■ Submission on a tentative ruling is neutral; it conveys neither agreement nor disagreement with the analysis.

■ "As a general rule, failure to raise a point in the trial court constitutes [a] waiver and appellant is estopped to raise that objection on appeal." (*Redevelopment Agency, supra,* 80 Cal.App.3d at p. 167.) There are exceptions. For example, a party need not object that a judgment is unsupported by the evidence. (*People v. Butler* (2003) 31 Cal.4th 1119, 1129 [6 Cal.Rptr.3d 730, 79 P.3d 1036].) And a party need not object if it would be futile. (*People v. Abbaszadeh* (2003) 106 Cal.App.4th 642, 648 [130 Cal.Rptr.2d 873].) In our view, Mundy raised the points he asserts on appeal via his special motion to strike and the opposition to Lenc's motion for attorney fees. He is not, therefore, raising new arguments on appeal. Further, the orders at issue are postjudgment orders, which are analogous to judgments. Based on that analogy, we conclude that Mundy was not required to object that the orders were unsupported by the evidence. Finally, even if litigants are required to object to tentative rulings, Mundy would be excused from doing so because it would have been futile. The trial court had the benefit of his two

memoranda of points and authorities. Based on the tentative rulings, it is apparent that the trial court rejected Mundy's arguments. If Mundy's attorney had told the trial court that he objected to the tentative rulings, the trial court would still have decided in favor of Lenc.

*K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939 [90 Cal.Rptr.3d 247] (*K.C. Multimedia*) offers Lenc no aid. In that case, the trial court dismissed three causes of action after the defendant raised the issue of preemption in a trial brief. The plaintiff did not object to the procedure. Rather, it acquiesced. The reviewing court held that any objection was waived. *K.C. Multimedia* is inapposite because the plaintiff raised its legal points for the first time on appeal, and because the futility exception did not apply.

*Sperber v. Robinson* (1994) 26 Cal.App.4th 736 [31 Cal.Rptr.2d 659] (*Sperber*) also does not factor into our analysis. The appellant in *Sperber* argued that the question of whether he had a lien was one for the jury and that the trial court erred in taking that question from the jury and directing a verdict for the respondents. The court stated: "[A]ppellant has not preserved this issue for appeal. At trial, counsel for appellant agreed that the issue of whether or not there was an equitable lien established was one for the trial court alone and that the jury's role would be only to determine the amount of any such lien. Such agreement constitutes a waiver of the issue, since appellant and counsel acquiesced in and contributed to any such error. [Citation.]" (*Id.* at pp. 742–743, fn. omitted.) Once again, there is no analogy. *Sperber* involved invited error and an argument that was raised for the first time on appeal. Here, Mundy raised his arguments below and did not agree to a mistaken procedure.

Last, we easily distinguish *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 826 [79 Cal.Rptr.3d 588] (the appellant waived her argument that under § 128.7 the time to amend or withdraw a challenged motion should have been extended by five days pursuant to § 1013). That case, unlike Mundy's appeal, involved an argument raised for the first time on appeal.

II. *Special Motions to Strike: The Law.*

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution

or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The statute envisions a two-step process for determining whether an action is a strategic lawsuit against public participation, otherwise known as a SLAPP[2] suit, and should be stricken. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 [124 Cal.Rptr.2d 530, 52 P.3d 703] (*Navellier I*).) First, the defendant bringing the special motion to strike must make a prima facie showing that the claims arise from protected activity. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685].) Once a moving defendant has met its burden, the motion will be granted unless the plaintiff establishes a probability of prevailing on the claim. (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 567–568 [92 Cal.Rptr.2d 755].) An appellate court reviews an order denying an anti-SLAPP motion from a clean slate. (*PrediWave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204, 1220 [102 Cal.Rptr.3d 245].)

## III. *Breach of Contract.*

██ Mundy contends that his special motion to strike should have been granted as to Lenc's breach of contract claim. We disagree. Although Mundy's motion satisfied the first prong of the analysis, Lenc subsequently met her burden under the second prong to demonstrate a likelihood of success. As a result, as to breach of contract, Mundy's motion was properly denied.

### A. *The first prong.*

██ Regarding the first prong of the analysis, the inquiry is whether Lenc's breach of contract claim arises from activity protected by section 425.16. The answer is yes. The claim alleges that Mundy breached the settlement agreement by filing a complaint against her in a second action. The filing of a complaint fits the definition of an act in furtherance of a person's right of petition because it is a "written . . . statement or writing made in connection with an issue under consideration or review by a . . . judicial body." (§ 425.16, subd. (e)(2); see *Navellier I, supra*, 29 Cal.4th at pp. 88–89 [the filing of a complaint in breach of a general release is a writing made in

---

[2] SLAPP is an acronym for strategic lawsuit against public participation.

connection with an issue under review by a judicial body and therefore satisfies the first prong of the analysis]; *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564] [the right to petition protected under § 425.16 includes the basic act of filing litigation].)

The cases cited by Lenc do not elicit a different conclusion. *Applied Business Software, Inc. v. Pacific Mortgage Exchange, Inc.* (2008) 164 Cal.App.4th 1108, 1118 [79 Cal.Rptr.3d 849] (*Applied Business*) held that nonpetition-related breaches of contract (the failure to return and stop using software) could not "be said to have been taken by defendant in furtherance of its right of petition or free speech in connection with a public issue." (*Id.* at p. 1117.) *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79–81 [124 Cal.Rptr.2d 519, 52 P.3d 695] (*Cotati*) held that a declaratory relief action did not fall within the ambit of section 425.16 because the dispute arose over the constitutionality of an ordinance rather than over the filing of the plaintiff's action. We recently decided *City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1307–1308 [123 Cal.Rptr.3d 142] (*Alhambra*). The dispute in that case arose over the enforceability and scope of a settlement agreement and not from the plaintiff's exercise of the right of petition. *Applied Business*, *Cotati* and *Alhambra* did not involve the filing of a lawsuit that resulted in the breach of a settlement agreement and general release, and they have no application to the case at bar.

### B. *The second prong.*

To meet her burden on the second prong, Lenc had to demonstrate that the cross-complaint was legally sufficient and supported by " 'a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by [her] is credited.' " (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733], superseded by statute on other grounds as noted in *Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 547 [59 Cal.Rptr.3d 109].) The release demonstrated that Mundy relinquished "any and all claims and causes of action that . . . could have been asserted in the [first] Lawsuit." The cross-complaint alleged that Mundy breached the release by filing his parking lot claim in the second lawsuit. As evidence that the parking lot claim could have been asserted in the first lawsuit, Lenc declared that the parking lot was in the same condition since she acquired her bar in 1989. This evidence carried the day.

■ Civil Code section 55 provides that any "person who is aggrieved or potentially aggrieved by a violation of [Civil Code sections 54 or 54.1] . . . may bring an action to enjoin the violation." Civil Code section 54, subdivision (a) provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Subdivision (c) of section 54 establishes that a violation of the right of an individual under the ADA "also constitutes a violation of" Civil Code section 54. Thus, under Civil Code section 55, Mundy could have asserted a claim in the first lawsuit to force Lenc to make her parking lot ADA compliant because, at the time, he was confined to a wheelchair and a potentially aggrieved person. And when Mundy filed his second lawsuit and sought injunctive relief and statutory damages, he breached his agreement by pursuing a released claim.

According to Mundy, the release did not encompass his parking lot claim because he could not have pursued statutory damages until he tried to park at Lenc's bar on November 27, 2009, and was denied access.

It is true that Mundy could not recover statutory damages under Civil Code section 52, subdivision (a) for the parking lot violation at the time he signed the release. Civil Code section 55.56, subdivision (a) provides in part: "Statutory damages . . . may be recovered in a construction-related accessibility claim against a place of public accommodation only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." But whether the unavailability of a particular remedy is salient depends upon contract interpretation.

■ In his appellate briefs, Mundy made no attempt to interpret the release. In our view, the phrase "causes of action" in the release is used in a technical sense. Indeed, it is a legal term of art. Pursuant to Civil Code section 1644, words must be understood in their technical sense if used that way. ■ Under case law, a cause of action "is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. [Citation.]" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798 [108 Cal.Rptr.3d 806, 230 P.3d 342].) And when deciding whether "two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the "primary rights" theory.' [Citation.]" (*Id.* at p. 797.) "Thus, under the primary rights theory, the determinative factor is the harm suffered." (*Id.* at p. 798.) "A clear and predictable [claim preclusion] doctrine promotes judicial economy. Under this doctrine, all claims based on the same cause of

action must be decided in a single suit; if not brought initially, they may not be raised at a later date. ' "[Claim preclusion] precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." ' [Citation.]" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897 [123 Cal.Rptr.2d 432, 51 P.3d 297].) We conclude that when Mundy released all existing causes of action, he promised not to sue a second time for past harms.

The primary right at stake in this case is Mundy's right to be provided with a van-accessible handicap parking space. He was denied that right whenever Lenc's parking lot was not ADA compliant. In other words, he had ongoing harm at the time he filed the first lawsuit and signed the release. He could not, at that time, freely drive to Lenc's bar and park there. This is sufficient harm under Civil Code section 55. And it is the same harm that is at issue in the second lawsuit.

In the alternative, Mundy argues that the release is void pursuant to Civil Code section 1668[3] to the extent it exempts Lenc from liability for subsequent violations of the Unruh Civil Rights Act. This argument is unavailing. Lenc's declaration established that the parking lot had not changed since 1989. If her parking lot was not ADA compliant, then it was an existing rather than a subsequent violation.

IV.–VII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order denying Mundy's special motion to strike is affirmed with respect to Lenc's breach of contract cause of action and reversed with respect

---

[3] Civil Code section 1668 provides: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

*See footnote, *ante*, page 1401.

to Lenc's fraud and abuse of process causes of action. In addition, the award of attorney fees against Mundy and Mehrban is reversed.

Mundy and Mehrban are entitled to their costs on appeal.

Boren, P. J., and Doi Todd, J., concurred.