Filed 7/24/13  Terris v. County of Santa Barbara CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SHAWN TERRIS,<br><br>  Plaintiff, Cross-Defendant and Appellant,<br><br>v.<br><br>COUNTY OF SANTA BARBARA,<br><br>  Defendant, Cross-Complainant and Respondent. | 2d Civil No. B242390<br>(Super. Ct. No. 1339241)<br>(Santa Barbara County) |

The County of Santa Barbara (County) appeals from an order granting Shawn Terris's special motion to strike its cross-complaint under the anti-SLAPP statute. (Code Civ. Proc., § 425.16.)[1]  The County contends the trial court erred as a matter of law when it granted the motion to strike, because the County demonstrated a probability of prevailing on its claim that Terris's wrongful termination lawsuit violates the parties' agreement to release all claims based on each other's pre-2006 conduct.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Terris worked for the County for 13 years, until 2009.  Previous disputes between the County and Terris in 2003, 2006, and 2007 were resolved by settlement

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

agreements which allowed for her continued employment and included a mutual release of any claims based wholly or in part on any conduct arising from pre-2006 conduct. The parties agreed "not to commence or maintain any administrative or judicial proceeding against the other on any claim based wholly or in part on any conduct by the other occurring at any time prior to the signing of the Agreement" in December 2006.

In 2009, the County terminated Terris. After exhausting administrative remedies, Terris filed this lawsuit in which she alleges that the County terminated her in retaliation for her political activity in organizing managers, especially in her capacity as a trustee of the board of the Santa Barbara County Employees Retirement System (SBCERS). She also alleges that her sexual orientation was a significant motivating factor in the County's decision to terminate her.

Terris's third amended complaint asserts five causes of action:[2] (1) a cause of action for violation of Labor Code section 1101 in which she alleges that the County ". . . prevented her from holding her elected office as a Retirement Board Trustee by terminating her employment"; (2) a cause action for violation of Labor Code section 1102 in which she alleges that the "County coerced and/or influenced her political activity as a Retirement Board Trustee by terminating her employment"; (3) a cause of action for violation of Labor Code section 1102.5 in which she alleges she reported the County's statutory and regulatory violations throughout her employment and that the County "retaliated against her for complaining about and enforcing her rights . . . by terminating her employment"; (4) a cause of action for violation of the FEHA in which she alleges that the fact that the County "regarded her as [a] lesbian was a motivating factor in [County's] decision to terminate her employment"; and (5) a cause of action in which she petitions for a writ of mandate commanding the County to reinstate her on the grounds that it "terminated [her] in violation of her [statutory rights] . . . to organize County managers."

---

[2] Five of nine original causes of action remain after rulings on County's demurrers, motions to strike, and a motion for judgment on the pleadings.

In her preliminary allegations, Terris also describes pre-2006 conduct. She alleges that in 1998, the County Executive Officer (CEO) demanded that she should quit as a member of the SBCMA Board and should not be a member of the SBCMA. She alleges that in 1999 she campaigned for a position on the SBCERS board and that in 2000 County officials "reacted angrily" when she communicated with SBCERS constituents directly. She alleges that in 2003 she was elected Chair of the SBCERS board, and that in 2003 the County CEO "impl[ied] that [Terris and others] did not know what they were doing," when he tried to replace a defined benefit plan with a defined contribution plan for new hires.

Terris alleges that in 2003 the parties reached a settlement agreement "relating to her allegations, among others, that the County violated her rights as a [SBCERS] Board Trustee." She alleges that in 2004 she was elected to the board of the State of California's State Association of County Retirement Systems. She alleges that in 2005 and 2006 a County official pressured her to resign from SBCERS and to transfer from the office of the CEO to another County department. She alleges that in 2006 the parties amended their settlement agreement "due to the County, among other things, continuing and increasingly violating her rights as a [SBCERS] Board Trustee." She alleges that "[i]n 2006 and 2007, the County removed approximately 25 [percent] of the County's managers out of the Civil Service system, causing them to become at-will employees, including all of her seven peers in the [office of the] CEO. Had that not happened, Ms. Terris would have retained her seniority in the CEO's office and would have been the very last Program Business Leader in the CEO's office to receive a layoff notice."

The County filed a cross-complaint, with leave of court, in which it seeks equitable relief for breach of the 2006 mutual release. It alleges that Terris breached the release provision because her third amended complaint is based at least in part on pre-2006 conduct. Terris moved to strike the cross-complaint under the anti-SLAPP lawsuit.

The trial court granted Terris's motion, finding that the County's cross-complaint arose from an act in furtherance of Terris's right of petition or free speech (her

3

lawsuit), and that the County had not demonstrated a probability of prevailing because Terris's claims are based on the 2009 termination and not on the County's pre-2006 conduct.

## DISCUSSION

The County argues that the anti-SLAPP statute does not enable courts to grant immunity to a party who breaches a settlement agreement by filing litigation. That is true, but the trial court did not grant Terris immunity. The trial court concluded that the County has no probability of prevailing on its cross-complaint because Terris's lawsuit does not seek relief based wholly or in part on pre-December 2006 conduct. We independently reach the same conclusion.

We review an order granting or denying a motion to strike under section 425.16 de novo. (*Oasis West realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) Section 425.16, subdivision (b)(1), provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Our analysis involves two steps: First, we decide whether Terris has made a threshold showing that the cross-complaint arises from protected activity. (§ 425.16, subd. (b)(1).) If so, we consider whether the County has demonstrated a probability of prevailing on its claim. "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute . . . is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

The County's cross-complaint arises from Terris's protected activity. A claim alleging that a party breached a settlement agreement by filing a lawsuit is a claim that arises from protected activity within the meaning of section 425.16, subdivision (b)(1). (*Navallier v. Sletten, supra,* 29 Cal.4th at p. 90; *Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1408.) But the anti-SLAPP statute does not preclude litigation of a claim for breach of a settlement agreement if the claimant can demonstrate a probability

4

of prevailing on the claim. (*Navellier,* at pp. 93-94; *see also DaimlerChrysler Motors Co. v. Lew Williams, Inc.* (2006) 142 Cal.App.4th 344, 354 [car manufacturer overcame anti-SLAPP motion by demonstrating a probability of prevailing on its claim against a dealer for violating its agreement not to exercise its right to file a protest with a regulatory board.])

To establish a probability of prevailing, the County must demonstrate that its cross-complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence it submits is credited. (*Oasis West Realty, LLC v. Goldman, supra,* 51 Cal.4th at p. 820.) We consider the pleadings and supporting and opposing affidavits to independently determine whether the County has stated and substantiated a legally sufficient claim. (§ 425.16, subd. (b)(2).) We do not assess credibility or compare the weight of the evidence. (*Oasis West Realty,* at p. 820.) We accept as true all evidence favorable to the County and evaluate Terris's evidence only to determine if it has defeated County's evidence as a matter of law. (*Ibid.*) If County can show a probability of prevailing on any part of its claim, the cause of action is not meritless. (*Ibid.*)

The County relies on the language of the mutual release and the allegations of Terris's third amended complaint to establish a probability of prevailing. Terris agreed "not to commence or maintain any administrative or judicial proceeding against [County] on any claim based wholly or in part on any conduct by the other occurring at any time prior to [December 2006]." Terris's third amended complaint does not breach the release provision because it does not seek relief based on County's conduct predating December 2006.

Each of Terris's five causes of action seek relief based solely on the County's termination decision, which it made after December 2006. She alleges that County's conduct was in retaliation for some of her own pre-2006 political activities, but her claims are not based on pre-2006 conduct. There is no merit to County's contention the third amended complaint is a "claim based wholly or in part on any conduct of [County] occurring at any time prior to [December 2006]." Whether and to what extent

5

pre-2006 events will be relevant or admissible as background at trial is not an issue before us on this appeal.

DISPOSITION

The order appealed from is affirmed.  Respondent shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

6

Donna Geck, Judge

Superior Court County of Santa Barbara

_____


James H. Cordes for Plaintiff, Cross-Defendant and Respondent.

Dennis Marshall, County Counsel, County of Santa Barbara and Michael Youngdahl, Deputy County Counsel; Nye, Peabody, Stirling, Hale & Miller, Karen K. Peabody, for Defendant, Cross-complainant and Appellant.