Filed 8/16/21  Perera v. Title Experts CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ROSEMARY PERERA et al., | B304116 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 19STCV26666) |
| v. | |
| TITLE EXPERTS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Berman Berman Berman Schneider & Lowary, Stephanie Berman Schneider and Howard Smith for Defendant and Appellant.

Boren, Osher & Luftman, Jeremy J. Osher and Aaron M. Gladstein for Plaintiffs and Respondents.

————————————

Title Experts appeals from an order denying its special motion to strike (Code Civ. Proc., § 425.16; anti-SLAPP statute)[1] the complaint filed by Rosemary Perera (Rosemary), Ramesh Perera, Gihan Perera, and GRR Capital, LLC (collectively, the Perera plaintiffs). Title Experts contends the trial court erred in denying its motion because the Perera plaintiffs' cause of action for rescission of the parties' prior settlement agreement arose out of protected statements made during the mediation or related to the settlement agreement. Because the rescission claim is based on Title Experts' breach of the settlement agreement, not Title Experts' statements, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Prior Lawsuit and Compromise Agreement*

On August 9, 2016 the Perera plaintiffs filed an action (*Perera v. Conaway* (Super. Ct. L.A. County, 2016, No. BC627323)) against James Conaway and Lorraine Conaway, St. Louis Redevelopment Company and its owner Giro Katsimbrakis (collectively, SLRC), Title Experts, and others asserting claims arising from the defendants' allegedly fraudulent real estate investment scheme. The Perera plaintiffs alleged the Conaways, as Rosemary's financial advisors, recommended Rosemary invest with SLRC in distressed properties located in St. Louis, Missouri that would be rehabilitated to create a cash flow for the investors. Based on the

_____

[1]     "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 413, fn. 2.) All further undesignated statutory references are to the Code of Civil Procedure.

representations made by the Conaways and SLRC, the Perera plaintiffs invested more than $600,000 to purchase the distressed properties. Title Experts was selected as the escrow company to open and administer the escrow, during the pendency of which the properties were to be rehabilitated and deeded to the Perera plaintiffs. Once the transaction closed, SLRC was to arrange for a property management company to place tenants in the properties. However, SLRC and the other defendants instructed Title Experts to close the escrow prematurely, and the properties were never rehabilitated or rented out.

On February 21, 2018 the parties participated in a mediation with Retired Judge Richard A. Stone. As a result of the mediation, the parties executed a compromise agreement and mutual release (compromise agreement) in which SLRC agreed to purchase back 10 of the properties for $800,000 in exchange for the Perera plaintiffs dismissing the action and releasing the defendants from all known and unknown claims. The Perera plaintiffs agreed to deposit into the escrow all documents reasonably required to transfer title of the properties to SLRC and to provide access to the properties to appraisers as necessary. The compromise agreement also provided that Title Experts would open and administer the escrow, which would close within 120 days.

On March 1, 2018 the Perera plaintiffs filed a notice of settlement. However, the Perera plaintiffs subsequently filed a declaration stating the defendants had defaulted on their obligations under the compromise agreement. The parties later

3

reached a stipulation to stay the action, which the court entered on February 19, 2020.[2]

B.    *This Action*

On July 30, 2019 the Perera plaintiffs filed this action against Title Experts, the Conaways, SLRC, and others alleging two causes of action for rescission of the compromise agreement based on fraud and deceit (first cause of action) and failure of consideration (second cause of action).[3]  The complaint alleged defendants failed to perform their obligations under the compromise agreement and misrepresented why they could not comply with its terms.  The complaint alleged as to Title Experts that the compromise agreement required the company to open escrow, but it failed to do so, forcing the Perera plaintiffs to "open[] escrow themselves."  Further, Title Experts and the other defendants "falsely represented that under Missouri law, escrow could not be opened with the [compromise] [a]greement and could

---

[2]    On October 18, 2018 the trial court dismissed the complaint, but it inadvertently did not dismiss the operative first amended complaint.  The court gave the Perera plaintiffs until August 12, 2019 to show cause why the case should not be dismissed.  It appears the parties negotiated the stay to avoid dismissal of the action.  On our own motion we augment the record to include the June 26, 2019 Order re: Plaintiffs' Motion to Set Aside Dismissal and February 19, 2020 Minute Order.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[3]    The Perera plaintiffs assert they attempted to have Judge Stone reinstate *Perera I* based on the failure of defendants to comply with the compromise agreement, but Judge Stone issued a tentative order stating he did not have the power to reinstate the litigation.  As a result, the Perera plaintiffs filed this action.

4

not perform unless and until separate sales contracts were executed for each of the Properties utilizing a special contract form . . . per Missouri Law." In addition, defendants delayed performance under the compromise agreement by making "countless false promises" to make it seem like they "intended to imminently comply with their obligations under the Compromise Agreement." Further, almost a year after escrow was supposed to close, counsel for SLRC sent an email to the Perera plaintiffs stating SLRC "'cannot take title to the properties which are the subject of the case.'" SLRC suggested a "'surrogate'" entity (owned by Katsimbrakis) take title and pay the money owed to the Perera plaintiffs in "tranches."[4]

In support of the first cause of action for rescission of the compromise agreement for fraud, the Perera plaintiffs alleged, "[Defendants] made the representations to [plaintiffs] that induced [plaintiffs] to enter into the Compromise Agreement." In addition, defendants made misrepresentations about their performance following the execution of the agreement. In support of the second cause of action for rescission based on failure of consideration, the Perera plaintiffs incorporated the previous allegations of the complaint and further alleged that defendants "have failed to comply with any of their obligations under the Compromise Agreement," thereby creating "a material failure in the consideration exchanged under this Compromise Agreement."

---

[4]     Merriam-Webster dictionary defines a "tranche" as "a division or portion of a pool or whole." (Merriam-Webster's Online Dict. (2021) <https://www.merriam-webster.com/ dictionary/tranche [as of August 12, 2021].)

C.    *Title Experts' Special Motion To Strike*

On October 11, 2019 Title Experts filed its special motion to strike the entire complaint pursuant to section 425.16 or in the alternative to strike the first and second causes of action. Title Experts argued both causes of action were based on conduct constituting petitioning activity, including statements made during the mediation and "representations regarding the settlement or in breach of the Compromise Agreement." Title Experts also argued the Perera plaintiffs would be unable to establish probability of success on the merits because statements made at the mediation or about the settlement were protected by the litigation privilege, and the Perera plaintiffs failed to comply with their obligations under the compromise agreement. In support of its motion Title Experts submitted declarations from its owner and attorney.

In response to the motion, the Perera plaintiffs dismissed their first cause of action without prejudice. They opposed the motion as to their second cause of action, arguing the claim did not arise out of protected speech or petitioning activity because the "principal thrust of Plaintiffs' rescission claim for failure of consideration is Defendants' post-settlement inaction and/or failure to perform the obligations imposed on them by the Compromise Agreement." In support of their opposition, the Perera plaintiffs submitted declarations from Ramesh Perera and two of the Perera plaintiffs' attorneys.

In its reply brief, Title Experts argued the Perera plaintiffs' second cause of action should be dismissed because it was based on the same allegations incorporated into the dismissed first cause of action. Further, the Perera plaintiffs could not effectively amend their complaint by dismissing their first cause

6

of action once defendants had made a prima facie showing under section 425.16.

After a hearing, on December 11, 2019 the trial court denied Title Experts' motion. In its written ruling, the court found the motion to strike the first cause of action was moot because the Perera plaintiffs properly dismissed the cause of action prior to the hearing on the motion. As to the second cause of action, the court concluded the cause of action did not arise from Title Experts' exercise of its right of petition or free speech. The statements made during settlement negotiations were "merely incidental to the actual claim for failure to perform under the Compromise Agreement." Further, the Perera plaintiffs were not seeking to hold Title Experts accountable for statements made during or after the compromise agreement was executed. Instead, "the claim [was] simply one for breach of contract based on Title Experts' failure to perform under the Compromise Agreement."

Title Experts timely appealed.

## DISCUSSION

A.   *Special Motions To Strike*

A cause of action arising from an act in furtherance of a defendant's constitutional right of petition or free speech in connection with a public issue is subject to a special motion to strike unless the plaintiff demonstrates a probability of prevailing on the claim. (§ 425.16, subd. (b)(1); see *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 (*Park*); *Baral v. Schnitt* (2016) 1 Cal.5th 376, 381 (*Baral*).) An "'act in furtherance of a person's right of petition or free

7

speech under the United States or California Constitution in connection with a public issue'" includes, in relevant part, "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" (§ 425.16, subd. (e)(1)) and "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law (*id.*, subd. (e)(2)).

The analysis of a special motion to strike involves a two-step process. (*Baral, supra*, 1 Cal.5th at p. 381; *Park, supra*, 2 Cal.5th at p. 1061.) "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral*, at pp. 384-385.)

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra*, 2 Cal.5th at p. 1062; accord, *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) "'[T]he focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' [Citation.] . . . [I]n ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park*, at p. 1063.) "A claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability

8

is asserted." (*Id*. at p. 1060; accord, *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884-885.)

We review de novo the grant or denial of a special motion to strike, "evaluating the context and content of the asserted activity." (*Wilson v. Cable News Network, Inc., supra*, 7 Cal.5th at pp. 884-885; accord, *Park, supra*, 2 Cal.5th at p. 1067.) "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity. [Citations.] In addition to the pleadings, we may consider affidavits concerning the facts upon which liability is based. [Citations.] We do not, however, weigh the evidence, but accept the plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." (*Park*, at p. 1067.)

B.    *Title Experts Failed To Establish That the Second Cause of Action Arose From Protected Activity*

Title Experts contends the Perera plaintiffs' second cause of action for rescission is based on alleged misrepresentations made by Title Experts about the compromise agreement and breach of the agreement, which constitute protected activities in furtherance of Title Experts' right to petition.[5] The Perera plaintiffs acknowledge their complaint contains allegations that Title Experts made misrepresentations about the settlement, but they contend the second cause of action arises from Title Experts' failure to perform under the compromise agreement, which is not

---

[5]    Title Experts does not challenge on appeal the Perera plaintiffs' dismissal of their first cause of action.

protected petitioning activity. The Perera plaintiffs have the better argument.

The second cause of action for rescission is based on Title Expert's breach of contract (the compromise agreement). (See *Wong v. Stoler* (2015) 237 Cal.App.4th 1375, 1384 ["A party to a contract has two different remedies when it has been injured by a breach of contract or fraud and lacks the ability or desire to keep the contract alive. [Citation.] The party may disaffirm the contract, treating it as rescinded, and recover damages resulting from the rescission. [Citation.] Alternatively, the party may affirm the contract, treating it as repudiated, and recover damages for breach of contract or fraud."]; *Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 410-411 [when a failure of consideration is alleged, the plaintiff must plead that the defendant breached the contract for failing to perform a material promise, the performance of which has been exchanged for performance by the other party].) The elements of a breach of contract claim are (1) the existence of the contract; (2) the plaintiff's performance of the contract or excuse for non-performance; (3) the defendant's breach of the contract; and (4) the resulting damage to the plaintiff. (*Coles v. Glaser* (2016) 2 Cal.App.5th 384, 391; *Kumaraperu v. Feldsted* (2015) 237 Cal.App.4th 60, 70.)

The complaint alleges as to the second cause of action, "The consideration for which [plaintiffs] bargained [in entering the compromise agreement] was: (1) the purchase by SLRC of the Properties; (2) payment of $800,000; and (3) release from any liability." In exchange, the Perera plaintiffs agreed to release all known and unknown claims and dismiss the pending action. The Perera plaintiffs performed their end of the bargain, but

10

defendants "have failed to comply with any of their obligations under the Compromise Agreement."

These allegations make clear the alleged breach of contract was Title Experts' failure to perform its obligations under the compromise agreement, not any statements Title Experts may have made regarding its performance. (See *ValueRock TN Properties, LLC v. PK II Larwin Square SC LP* (2019) 36 Cal.App.5th 1037, 1049-1050 [affirming denial of anti-SLAPP motion where complaint referenced settlement discussions but the tenant's claim arose out of the landlord's decision not to consent to the assignment rather than landlord's settlement communications or litigation-related conduct]; *Department of Fair Employment & Housing v. 1105 Alta Loma Road Apartments, LLC* (2007) 154 Cal.App.4th 1273, 1284-1285 [affirming denial of anti-SLAPP motion because the act giving rise to liability was the "fail[ure] to accommodate [the tenant's] disability," and "[t]he letters, e-mail and filing of unlawful detainer actions constituted [ ] *evidence* of [the landlord's] alleged disability discrimination"]; *Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1399 [reversing order granting anti-SLAPP motion because the plaintiff did not seek relief from the defendant's "communicative acts, but rather for its alleged mistreatment of policyholders and its related violations and evasions of statutory and regulatory mandates," distinguishing between a party's "allegedly *wrongful acts* with the *evidence* that plaintiff will need to prove such misconduct"].)

The Perera plaintiffs do not allege any communications by Title Experts during or after the settlement negotiations constituted a breach of the compromise agreement. Rather, Title Experts' statements as to why its performance was not feasible

11

and its false promises that it intended to comply were "activities that . . . [led] to the liability-creating activity or provide evidentiary support for the claim," and as such, are not subject to the anti-SLAPP statute. (*Park, supra*, 2 Cal.5th at p. 1064.) Alternatively, Title Experts' alleged statements were "merely incidental" to the Perera plaintiffs' second cause of action, likewise falling outside the ambit of the anti-SLAPP statute. (*Baral, supra*, 1 Cal.5th at p. 394 ["Assertions that are 'merely incidental' or 'collateral' are not subject to section 425.16. [Citations.] Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute."]; see *Aguilar v. Goldstein* (2012) 207 Cal.App.4th 1152, 1160 ["'If the mention of protected activity "is only incidental to a cause of action based essentially on nonprotected activity," then the anti-SLAPP statute does not apply.'"].)

Title Experts' position that the anti-SLAPP statute applies to any breach of a settlement agreement is contrary to the law. (See *Old Republic Construction Program Group v. The Boccardo Law Firm, Inc.* (2014) 230 Cal.App.4th 859, 869 (*Old Republic*) [although entry of stipulation for settlement was protected conduct under the anti-SLAPP statute, claims relating to breach of the stipulation did not arise from protected activity because the alleged wrongful conduct was not the stipulation, but the improper withdrawal of settlement funds]; *Applied Business Software, Inc. v. Pacific Mortgage Exchange, Inc.* (2008) 164 Cal.App.4th 1108, 1118 [defendant's alleged conduct that breached settlement agreement by continuing to use software and failing to return software copies was not conduct in furtherance of its right of petition or free speech]; *cf. Navellier v.*

*Sletten* (2002) 29 Cal.4th 82, 90 [plaintiffs' claims alleging repudiation of release in settlement agreement by filing counterclaims in federal action arose from protected petitioning activity].)

As the Court of Appeal in *Old Republic, supra,* 230 Cal.App.4th at page 870 explained, "If the protected status of an underlying agreement furnished sufficient ground to invoke the anti-SLAPP statute against a claim for breach of that agreement, it would follow that *every* suit to enforce a settlement agreement would be subject at the threshold to a SLAPP motion. Such a regime would significantly diminish the utility of such agreements, reduce the incentive for parties to enter into them, and thereby magnify the workload on courts, with attendant delay and expense for those who must resort to them. It follows that merely citing a settlement agreement as the basis for a duty allegedly breached by the defendant is not enough, by itself, to bring a cause of action for the breach within the statute."

Title Experts' reliance on *Mundy v. Lenc* (2012) 203 Cal.App.4th 1401 and *GeneThera, Inc. v. Troy & Gould Professional Corp.* (2009) 171 Cal.App.4th 901 is misplaced. In *Mundy,* the Court of Appeal concluded the plaintiff's claim for breach of contract arose from protected activity because the alleged conduct that violated the parties' settlement agreement was the filing of a complaint, which "fits the definition of an act in furtherance of a person's right of petition." (*Mundy*, at p. 1408.) Similarly, in *GeneThera* the Court of Appeal concluded the plaintiff's claims for interference with contractual relations and negligence arose from protected petitioning activity because they were based on the communication by defendants' attorney of a settlement offer. (*GeneThera*, at pp. 905, 907-908.) As the

13

*GeneThera* court reasoned, "An attorney's communication with opposing counsel on behalf of a client regarding pending litigation directly implicates the right to petition and thus is subject to a special motion to strike." (*Id*. at p. 908.)  Here, the second cause of action is based on the failure of Title Experts to comply with its obligations under the compromise agreement, not the negotiation of the agreement or later communications by Title Experts.[6]

## DISPOSITION

The order is affirmed.  The Perera plaintiffs are to recover their costs on appeal.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.

---

[6]  Because we affirm the trial court's order denying the special motion to strike under the first prong of the anti-SLAPP analysis, we do not reach whether the Perera plaintiffs showed a probability of success on the merits.