Filed 6/26/24  Ellis v. Declue CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| DEBORAH D. ELLIS, | |
| Plaintiff and Appellant, | E080790 |
| v. | (Super. Ct. No. RIC1902897) |
| JOSEPH LYNN DECLUE, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge. Affirmed.

Deborah D. Ellis, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

1

## I.

## INTRODUCTION

Deborah Ellis, proceeding in pro. per., appeals the trial court's judgment entered after the court granted Joseph Declue's motion for nonsuit. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Ellis retained Declue to represent her to stop the foreclosure on her house. In 2014, Declue filed a complaint on Ellis's behalf alleging claims for declaratory relief, wrongful foreclosure, quiet title, and cancellation of instruments. The superior court sustained the defendants' demurrer to the complaint, so Declue filed a first amended complaint in 2015. The case was eventually dismissed.

In 2016, Declue filed another case on Ellis's behalf, again alleging claims for declaratory relief, wrongful foreclosure, quiet title, and cancellation of instruments. The superior court sustained the defendants' demurrer to the complaint with leave to amend, but then sustained their demurrer to Ellis's first amended complaint without leave to amend and entered judgment for the defendants in October 2016. Declue, who had recently been suspended from practicing law, stopped representing Ellis in the case after judgment entered.

2

In 2019, Ellis sued Declue and his law firms, Declue Law Group, P.C., and Millenia Law Offices,[1] for legal malpractice and fraud. The thrust of Ellis's malpractice claim is that Declue's negligent representation of her in the foreclosure action caused her to lose her home in foreclosure proceedings. The basis for her constructive fraud claim is that she asked Declue for "her file" in October 2016, but he did not give it to her until 2021.

The case culminated in a bifurcated jury trial held in July 2022, with Ellis's claims against Declue tried first. Before trial, Declue moved *in limine* to exclude any evidence of State Bar disciplinary proceedings against him. Declue was suspended from practicing law in California around that time and was ultimately disbarred in November 2017. Ellis indicated that she wanted to introduce evidence from the proceedings, but Declue argued it was irrelevant, inadmissible, unduly prejudicial, and its admission would require a "trial within a trial" that would confuse the jury and unduly delay the case.

---

[1] The law firms are not parties to this appeal.

3

The trial court granted Declue's motion *in limine* and precluded Ellis from offering any evidence from the disciplinary proceedings.[2]

On the second day of trial, Declue filed a motion for nonsuit under Code of Civil Procedure section 581c, subdivision (a)[3] on the ground that Ellis had not designated an expert, and expert testimony was necessary for her to prevail on her claims. The next day, the trial court denied the motion "for now," noting that Ellis could "try to prove her case through [Declue] as an expert."

After Ellis rested her case, Declue orally moved for a directed verdict on two grounds: (1) Ellis needed expert testimony to prove her claims but did not present any and (2) Declue's alleged malpractice did not cause her damages. The trial court found that Ellis failed to introduce evidence establishing the applicable standard of care, that Declue breached it, or that his conduct caused her damages. The trial court then orally granted Declue's motion for a directed verdict, ordered Declue to submit a proposed order memorializing the court's ruling, and discharged the jury.

---

[2] The record on this issue is somewhat unclear. There is no reporter's transcript of the hearing where the trial court ruled on the motions *in limine*. The trial court's minute order from the hearing states that the court denied Declue's motion *in limine* to exclude evidence of the State Bar's disciplinary proceedings. But Declue objected at trial that one of Ellis's exhibits she sought to admit would violate the court's order granting that motion *in limine*. Ellis's notice of appeal states that the documents from Declue's disciplinary proceedings were not admitted. Most importantly, however, the court's signed, written order after trial states that the court granted Declue's motion *in limine*. That order is controlling here. (See *Lopez v. Larson* (1979) 91 Cal.App.3d 383, 405.)

[3] All further statutory references are to the Code of Civil Procedure.

4

On August 31, 2022, the trial court entered a signed, written order stating that the court granted Declue's motion for "judgment of nonsuit under section 581c(a)" after Ellis rested her case because Ellis failed to present evidence sufficient to support her claims. On October 7, 2023, Ellis later moved for reconsideration of that order under section 1008, subdivision (a).

While that motion was pending, however, Ellis objected to the nonsuit order and submitted a proposed order. Ellis was unsatisfied with the order's terms because it did not mention Declue's granted *in limine* motion and was entered before the parties could meet and confer. Thus, Ellis's only request, as reflected in the parties' joint proposed order after meeting and conferring, was that the court modify its nonsuit order to add the following two sentences: "'Defendant brought a motion in limine for an order preventing plaintiff introducing at trial any evidence of state bar disciplinary proceedings. His motion was granted, precluding plaintiff from introducing those proceedings.'"

On October 24, 2023, the court reissued its written order granting Declue's motion for nonsuit with the two additional sentences that Ellis requested but no other changes. Ellis timely appealed.

### III.

### DISCUSSION

Ellis argues the trial court erred by (1) granting Declue's motion *in limine*, (2) granting Declue's motion for nonsuit, and (3) orally granting Declue's motion for

directed verdict at the end of the trial, but then issuing a written order stating that the court instead granted Declue's motion for nonsuit.

A. *Motion in Limine*

We cannot properly review Ellis's first argument because the record is inadequate. According to Ellis, the trial court heard and granted Declue's motion *in limine* in chambers and without a court reporter, so there is no reporter's transcript. We therefore do not know "'what grounds were advanced, what arguments were made, and what facts may have been admitted, mutually assumed or judicially noticed at the hearing.'" (*Snell v. Superior Court* (1984) 158 Cal.App.3d 44, 49.) And because nothing in the record indicates Ellis opposed Declue's motion in writing, Declue's motion is all we have to determine whether the trial court properly granted the motion. Critically, our record does not have copies of the documents Ellis sought to admit, so it is impossible for us to determine whether they should have been admitted.

As the appellant, Ellis bears the burden of providing an adequate record, but she has not done so. (*Webman v. Little Co. of Mary Hospital* (1995) 39 Cal.App.4th 592, 595.) This requires us to affirm the trial court's order granting Declue's motion *in limine*. (*Ibid.*)

B. *Motion for Nonsuit*

To succeed on her malpractice claim against Declue, Ellis had to prove "(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate

6

causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199-1200.) "The general rule is that expert evidence is required to establish legal malpractice." (*O'Shea v. Lindenberg* (2021) 64 Cal.App.5th 228, 236.)

The trial court thus correctly found that Ellis needed expert testimony to establish her malpractice claim. But because she did not provide any, the trial court properly found that Ellis could not succeed on the claim. As a result, the trial court properly granted Declue's motion for nonsuit on Ellis's malpractice claim. (See § 581c, subd. (a); see also *Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 838.)

Ellis argues she did not need to provide expert testimony under an exception to the general rule that expert testimony is necessary to prove a malpractice claim. That exception applies "when the alleged malpractice is so utterly egregious and obvious that no expert testimony is needed." (*O'Shea v. Lindenberg*, *supra*, 64 Cal.App.5th at p. 237.)

We conclude Ellis forfeited the argument. When hearing Declue's motion for nonsuit on the second day of trial, Ellis suggested that she did not need expert testimony according to a "document" she discovered during her research. Ellis explained that this document was "from a . . . the New York 2nd and 4th departments." The trial court asked Ellis for a citation, but she could not provide one. The court assumed the document referred to New York courts applying New York law, so the court asked if Ellis had any California law. Ellis said she did not, and the court moved on. The court then denied Declue's motion for nonsuit "for now."

7

Days later, when Declue moved for a directed verdict after Ellis presented her case, he argued he was entitled to a directed verdict in his favor because Ellis did not present any expert testimony at trial. The court agreed, but told Ellis that it was "open" to being persuaded otherwise if Ellis had "some California law." Ellis did not cite any authority and, more importantly, never suggested that she did not need to provide expert testimony. Instead, she argued that Declue's testimony provided sufficient expert testimony. The court rejected the argument, finding that Declue did not provide any testimony on the appropriate standard or whether Declue met that standard. The court then granted Declue's motion for directed verdict without any objection from Ellis.

Although Ellis initially argued she did not have to provide expert testimony to prove her malpractice claim when opposing Declue's denied motion for a nonsuit, she did not make the argument when opposing Declue's motion for a directed verdict days later. She never suggested that the "obvious malpractice" exception she now relies on in this court applied. Instead, she appeared to concede the court's ruling that she needed expert testimony but argued that Declue's testimony sufficed.

Under these circumstances, we conclude Ellis forfeited her argument advanced on appeal that she did not need expert testimony to prove her malpractice claim. (See *Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 ["'[f]ailure to raise specific challenges in the trial court forfeits the claim on appeal'"]; *Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406 ["'[a]s a general rule, failure to raise a point in the trial court constitutes [a] waiver and appellant is estopped to raise that objection on appeal'"].) We therefore decline to

8

consider the argument. Regardless, Ellis's malpractice claim also fails on the merits because she did not prove causation (i.e., that Declue's conduct caused her claimed damages).

Ellis's malpractice claim asserted that Declue's alleged mishandling of the foreclosure cases he filed on her behalf led to the foreclosure on her home. Ellis argued that Declue failed to allege several things in the complaints he filed on her behalf, including that (1) Ellis did not have to allege she would tender the amount due to defendants, (2) her lender refused to accept tender of the amount she was in arrears, (3) the lender refused to endorse Ellis's insurance checks, and (4) the lender would not modify her loan. Ellis also alleged that Declue did not properly communicate with her lender, failed to seek a loan modification, and failed to "attempt to tender arrears." Finally, Ellis contends Declue breached his duty to her by failing to apprise her of the disciplinary proceedings against him so that she could retain different counsel.

Even if all of these allegations are true, Ellis failed to provide *any* evidence that she would not have suffered the damages she suffered (the loss of her home in foreclosure) had Declue done everything she says he should have done. As the trial court explained in detail, Ellis did not submit *any* evidence at trial showing that her home would not have been foreclosed on had Declue represented her differently. We agree with the trial court that there was no evidence at trial showing "that it would have made any difference at all" if Declue added new or different allegations in the complaints he filed on her behalf or if he pursued a different strategy. Nor is there any evidence that

9

Ellis would have kept her home had Declue told her about the disciplinary proceedings against him sooner.

In other words, there is no evidence in the record suggesting that Declue's alleged malpractice caused her claimed damages. More to the point, Ellis's opening brief makes no attempt to explain how she proved causation, which is a necessary element of her malpractice claim. (*Coscia v. McKenna & Cuneo*, *supra*, 25 Cal.4th at pp. 1199-1200.) We therefore conclude the trial court properly granted Declue's motion for nonsuit on Ellis's malpractice claim.

For similar reasons, the trial court also properly granted the motion as to Ellis's constructive fraud claim. To succeed on the claim, Ellis had to prove (1) she and Declue had a fiduciary or confidential relationship, (2) Declue breached that duty, (3) she justifiably relied on him, and (4) that reliance caused her damages. (See *Tyler v. Children's Home Society* (1994) 29 Cal.App.4th 511, 548 ["Constructive fraud 'arises on a breach of duty by one in a confidential or fiduciary relationship to another which induces justifiable reliance by the latter *to his prejudice*.' [Citation.] Actual reliance and causation of injury must be shown."].) Even assuming Ellis satisfied the first three elements, she did not prove the fourth element of causation.

Ellis's constructive fraud claim is based on her assertion that she asked Declue for her file in October 2016, when he stopped representing her, but she received no response until 2021. According to Ellis, Declue responded by saying he could not find the file,

which he had given to a staff member who died in 2018. Ellis thus alleged in her constructive fraud claim that Declue's "concealing" her file harmed her.

This claim, however, is entirely speculative. Ellis contends she would have discovered Declue's "massive errors" had he given her the file. But, as Ellis conceded at trial, she does not know what was in her file because she never received it. We likewise do not know what is in the file because it is not in the record. For all we know, Ellis's file could have had information that undercut her claims or damages while bolstering Declue's defense.

Because there is no evidence suggesting that Declue's failure to give Ellis her file harmed her in any way, the trial court correctly found that she could not succeed on her constructive fraud claim. As a result, the trial court properly granted Declue's motion for nonsuit on the claim.

C. *Directed Verdict*

Ellis makes a final argument in passing. She contends the trial court erred by signing and entering a written order after trial stating that the court granted Declue's motion for nonsuit although the court granted his motion for directed verdict.

We conclude Ellis forfeited the argument by failing to make it below. (See *Quiles v. Parent*, *supra*, 28 Cal.App.5th at p. 1013.) After the trial court issued its first signed, written order stating that it granted Declue's motion for nonsuit, Ellis objected—but not because the court granted Declue's motion for a directed verdict. The only change to the order that Ellis requested was to add two lines about Declue's motions in limine. By

11

failing to object on the ground that the order erroneously stated that the court granted Declue's motion for nonsuit instead of his motion for directed verdict, Ellis forfeited the argument. (See *ibid*.)

## IV.

## DISPOSITION

The trial court's order granting Declue's motion for nonsuit is affirmed. Declue may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

RAPHAEL

J.

12